# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JUANITA A. MOORE,**
**Claimant Below, Petitioner**

**v.) No. 23-ICA-41**   (WorkForce Bd. of Review Case No. X-2022-0268)

**WORKFORCE WEST VIRGINIA**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Juanita A. Moore appeals the January 9, 2023, decision of the WorkForce West Virginia Board of Review ("Board"). Respondent WorkForce West Virginia ("WorkForce") timely filed a response.[1] Ms. Moore did not file a reply. The issue on appeal is whether the Board erred in affirming the October 19, 2022, decision of WorkForce's administrative law judge ("ALJ"), and in holding that Ms. Moore had not timely filed her appeal of a WorkForce deputy's decision and that she failed to show good cause for her request for remand.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

Ms. Moore was self-employed as the owner of a contracting company until the start of the COVID-19 pandemic. On April 25, 2020, she filed an unemployment compensation claim under the Pandemic Unemployment Assistance ("PUA") benefits program.

Ms. Moore received PUA benefits for the weeks ending March 15, 2020, to April 21, 2021. She also received Lost Wages Assistance from July 26, 2020, to September 5, 2020, and Federal Pandemic Unemployment Compensation from March 29, 2020, to July 25, 2020, and again from December 27, 2020, to April 3, 2021.

---

[1] Ms. Moore is self-represented. WorkForce is represented by Kimberly A. Levy, Esq.

1

By decision dated May 20, 2022, a WorkForce deputy issued a decision finding that Ms. Moore was ineligible to receive PUA benefits, as she had failed to provide proof of employment or self-employment within twenty-one days of her application, and that WorkForce had sent her written notice to do so on May 30, 2021, and September 5, 2021. The deputy's decision also noted that Ms. Moore did not submit a copy of her government identification as required.

An "Overpaid Account Establishment Notice," dated and mailed May 20, 2022, by WorkForce informed Ms. Moore that she would have to repay $10,200 in federal benefits to WorkForce, as well as an additional $7,900 in PUA benefits. By separate letters dated May 20, 2022, WorkForce notified Ms. Moore that she also owed a $2,700 overpayment under the PUA program, and a $2,400 overpayment under the Lost Wages Assistance Program. Further, WorkForce notified Ms. Moore that she owed additional overpayments of $900 and $474 in PUA benefits. Ms. Moore appealed the May 20, 2022, decision to the Board on August 19, 2022.[2]

The Board's office manager denied Ms. Moore's appeal of the deputy's decision dated May 20, 2022, by letter dated September 9, 2022, which stated that Ms. Moore had not demonstrated "good cause" for the late appeal of the deputy's decision. Ms. Moore sent a letter dated September 26, 2022, to WorkForce in which she appealed WorkForce's rejection of the appeal.

The Board subsequently mailed a Notice of Telephonic Hearing on September 30, 2022, which advised Ms. Moore that a hearing was scheduled before the Board's ALJ solely on the issue of "good cause" for the late appeal. The hearing was scheduled for October 11, 2022, and WorkForce provided instructions to participate in the hearing. The letter was mailed to Ms. Moore's address in Mount Nebo, West Virginia. Ms. Moore did not appear and did not provide a telephone number where she could be contacted to participate. By decision dated and mailed October 19, 2022, the ALJ dismissed Ms. Moore's appeal for failure to appear and prosecute the appeal and affirmed the office manager's decision to deny the late appeal. As a result of the dismissal, the deputy's decision was affirmed.

---

[2] There are multiple PUA overpayments in the record because Workforce deemed Ms. Moore disqualified from receiving benefits for multiple monthly time periods. The $10,200 overpayment was a result of Ms. Moore being disqualified from benefits from March 29, 2020, to July 25, 2020. The $7,900 overpayment was based on Ms. Moore's disqualification from March 15, 2020, to April 3, 2021. The $2,700 overpayment was for the period between December 27, 2020, to April 3, 2021. The $2,400 overpayment was for the period between July 26, 2020, and September 5, 2020. The $900 and $474 overpayments were for the period between April 4, 2021, and April 24, 2021.

2

Ms. Moore appealed the ALJ's decision to the Board on October 19, 2022, in which she stated that she was working out of town for a month or more, and that she needed WorkForce to call or email her a few days before so that she could attend over the phone. Ms. Moore submitted two faxes dated October 19, 2022, and November 7, 2022, to the Board for its consideration. In the November 7, 2022, fax Ms. Moore requested a remand of her case, and stated, "I missed my phone hearing when out of town working in [South Carolina]." Ms. Moore also provided her contact information in the faxes and stated that she did not receive notice of the ALJ hearing, as she was out of state.

By decision dated January 9, 2023, the Board adopted the ALJ's findings in their entirety and affirmed the October 19, 2022, ALJ's decision on the basis that Ms. Moore's appeal of the deputy's decision was denied as it was not timely filed, and that the request for remand was not warranted because she failed to show good cause. It is from this decision that Ms. Moore now appeals.

Our standard of review for appeals from the Board is as follows:

> The findings of fact of the Board of Review of [Workforce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

*Taylor v. Workforce W. Va.*, 249 W. Va. 381, __, 895 S.E.2d 236, 241 (Ct. App. 2023) (alteration in original) (quoting Syl. Pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 563, 453 S.E.2d 395, 397 (1994)).

On appeal, Ms. Moore raises a single assignment of error. She asserts that she was deemed eligible for PUA benefits and did everything according to WorkForce's directions, and that her company was shut down due to the pandemic, leaving her unemployed. Although not raised as assignments of error, Ms. Moore also argues that she was not given proper notice about missing documentation, and that she is covered under the CARES Act to receive unemployment benefits. She further contends that she was not given notice of the overpayments until 2022, over a year after she stopped receiving benefits.[3]

A request for remand is governed by West Virginia Code of State Rules § 84-1-6.8 (2018), which states:

> Motion for a Remand De Novo may be presented to the Board of Review for good cause shown or when a party misses the Administrative Law Judge hearing for good cause shown. The party asking for new Administrative Law

---

[3] The CARES Act is congressional legislation passed during the COVID-19 pandemic, which included appropriations for states to fund PUA benefits.

Judge hearing must show good cause for the Board of Review to grant the new Administrative Law Judge hearing.

Upon review of the record, we find that the Board did not err in determining that Ms. Moore failed to show good cause for her request for remand. "Good cause is often the burden placed on a litigant . . . to show why a request should be granted or an action excused," and is synonymous with the terms, "good cause shown; just cause; lawful cause; [and] sufficient cause." *Good Cause, Black's Law Dictionary* (11th ed. 2019). Ms. Moore's address on file with WorkForce was the same address in 2021 and 2022. The deputy's decision was mailed to that address, as was the appeal denial, which she did receive and respond to.

After receiving the letter requesting reconsideration of her late appeal, the Board set a hearing. In that letter, Ms. Moore does not provide an explanation for why she delayed the filing of her appeal, however she was still permitted a hearing.

The record establishes that the Board notified Ms. Moore of the October 2022 hearing on September 30, 2022, over a year after she stopped receiving benefits. Ms. Moore was working in South Carolina at this time and alleges that she did not receive notice of the hearing. However, she never notified WorkForce of a change of address, nor did she provide contact information. On October 11, 2022, the Board held a hearing and Ms. Moore failed to appear. It is Ms. Moore's obligation to provide contact information and to pursue her appeal. Therefore, this Court cannot say the Board was clearly wrong or abused its discretion when it determined that Ms. Moore failed to establish "good cause" for her delay.

However, in cases involving the collection of unemployment overpayments, the Board must consider whether it is precluded from collection of unemployment overpayments by Governor Justice's Executive Order No. 11-21, which states that non-fraudulent PUA overpayments shall not be collected where the overpayment was received without fault on the part of the claimant and recoupment of the overpayment would be against equity and good conscience. Further, the Board must consider West Virginia Code § 21A-10-21 (1989), which provides that benefits may not be collected prior to two years before the date of the deputy's decision. *See Myers v. Outdoor Express, Inc*., 235 W. Va. 457, 774 S.E.2d 538 (2015).

Accordingly, we affirm the Board's decision that Ms. Moore failed prosecute her request for reconsideration of her late appeal. However, we must remand the Board's decision for further consideration as to whether Governor Justice's Executive Orders preclude WorkForce from collecting alleged overpayments of PUA benefits, as well as whether West Virginia Code § 21A-10-21 precludes a portion of the alleged overpayment collection beyond the two-year limitation.

Affirmed, in part, and Reversed and Remanded, in part.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**
Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear